DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Larry D. Gilliam appeals from a judgment of the Lawrence County Court of Common Pleas which denied his request for an evidentiary hearing on his petition for post-conviction relief, and further dismissed his petition. Because the post-conviction relief motion was filed well beyond the one hundred eighty day time frame, the trial court properly dismissed the petition. Accordingly, we dismiss the appeal for lack of jurisdiction.
 {¶ 2} Appellant assigns the following errors for our review:
 {¶ 3} "I. It was plain error and an abuse of discretion when the trial court failed to make and file findings of fact and conclusions of law or without a [SIC] evidentiary hearing on the issues in violation of the appellant's rights to the due process of the law."
 {¶ 4} "II. The appellant's rights to the due process of the law and to the effective assistance of counsel at trial are violated when counsel fails to act in an adversarial role necessary against the case of the prosecution, and to meet the constitutional level of representation."
 {¶ 5} "III. The trial court erred to the prejudice of the appellant when the trial court dismissed the appellant's petition for postconviction relief without an evidentiary hearing."
 {¶ 6} "IV. The trial court committed prejudicial error when denying the appellant a [SIC] evidentiary hearing when the appellant alleged that his plea was the result of coersion and thus involuntarily, unintelligently, and unknowingly given in violation of the appellant's rights to the due process of the law."
 {¶ 7} On March 5, 2003, as indicated in the judgment entry of March 18, 2003, appellant entered a guilty plea to: Trafficking in Drugs in violation of R.C. 2925.03(A)(1)(C)(2)(b) (fourth degree felony); Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1)(C)(1)(b) (third degree felony); and three counts of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(b) (fourth degree felonies).
 {¶ 8} The court found appellant guilty on all five counts. The court sentenced appellant to eighteen months for Trafficking in Drugs (fourth degree felony) and eighteen months for the three counts of Trafficking in Cocaine. Further, the court imposed the mandatory fine of $2,500.00 for each one. The court sentenced appellant to four years for the Aggravated Trafficking in Drugs with credit for time served and imposed the mandatory $5,000.00 fine. These sentences were to be served concurrently.
 {¶ 9} On January 30, 2004, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21 alleging numerous reasons to support his petition.[2] The trial court dismissed his petition without conducting an evidentiary hearing. However, the trial court's entry stated that R.C. 2953.21 requires that a petition for post-conviction relief must be filed no later than one hundred eighty days after the expiration of time for filing an appeal. Further, the court held that the expiration of time for filing appeal when added to the one hundred eighty day requirement resulted in a filing date requirement for appellant's motion for post-conviction relief in October of 2003.
 {¶ 10} Appellant now appeals from the denial.
 {¶ 11} R.C. 2953.21(A)(2) governs the procedural aspect of filing a petition for post conviction relief when no appeal is taken. When no appeal has been taken, the petition for post conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). The record below indicates the judgment of conviction was filed on March 18, 2003. The time for filing a direct appeal would have expired on April 17, 2003. See App.R. 4(A). Appellant had one hundred eighty days after April 17, 2003 to file a petition for post-conviction relief. After October 14, 2003, a petition for post-conviction relief would be untimely. Appellant filed his petition for post-conviction relief on January 30, 2004, which was well beyond the one hundred eighty day requirement. Therefore, when a petition for post-conviction relief is untimely filed, the trial court is divested of jurisdiction.[3] R.C. 2953.23(A).
 {¶ 12} The court has stated that "once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary." As such, we now find that no further inquiry into the merits of this case is mandated. See, State v. Morgan, 2005 WL 280450 (Ohio App. 3 Dist.) 2005-Ohio-427 citing State v. Beaver (1998),131 Ohio App.3d 458, 722 N.E.2d 978. Also, See, generally, State v.Sheets 2005 WL 435149 (Ohio App. 4 Dist.) 2005-Ohio-803.
 {¶ 13} This court finds the record below indicates that the Appellant's petition for post conviction relief was filed outside the time requirements of R.C. 2953.21(A)(2).
 {¶ 14} Thus, this court need not inquire into the merits of Appellant's assignment of errors. For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Harsha, J.: Concur in Judgment and Opinion.
[2] Appellant's claims were: Claim One: The petitioner's rights to a fair trial and to due process were violated when the trial court accepted a plea made under duress and not given in a knowing, voluntary, and intelligent manner in the violation of petitioner's rights under the Fifth and the Fourteenth Amendments and Ohio Criminal Rule 11(C)(2). Claim Two: The petitioner was denied his right to the due process of the law, and to the effective assistance of counsel at trial, when the counsel failed to prepare for trial and relied instead on the petitioner to enter a plea instead. Claim Three: The petitioner's rights to the due process of the law under the Fourteenth Amendment and Article I Section 16
of the Ohio Constitution was violated when the prosecution failed to provide even the very minimum of discovery as required by Ohio Criminal Rule 16.
[3] This is true unless either of the following applies:
(¶ a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(¶ b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. [and]
(2) [the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.
R.C. 2953.23(A).