DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant David McCain appeals the Pickaway County Common Pleas Court judgment denying his petition for post-conviction relief. Because Appellant's petition for post-conviction relief was untimely filed, we dismiss his appeal for lack of jurisdiction. The following errors are assigned for review.
 {¶ 2} I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT POST-CONVICTION RELIEF BECAUSE THE TRIAL COURT JUDGE, NOT THE JURY, FOUND ADDITIONAL FACTS TO IMPOSE SENTENCES BEYOND THE STATUTORY MAXIMUM SENTENCE ALLOWED IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTIUTION OF THE UNITED STATES.
 {¶ 3} II. THE TRIAL COURT ERRED IN DENYING THE APPELLANT POST-CONVICTION RELIEF BECAUSE THE TRIAL COURT JUDGE, NOT THE JURY, FOUND ADDITIONAL FACTS TO IMPOSE AN INCREASED SENTENCE UPON THE APPELLANT IN THE FORM OF CONSECUTIVE SENTENCING IN VIOLATION OF THE FIFTH AND SIXTH
AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
 {¶ 4} III. OHIO'S SENTENCING GUIDELINES ARE UNCONSTITUTIONAL BECAUSE THEY DIRECT A JUDGE, NOT A JURY, TO FIND ADDITIONAL FACTS TO INCREASE A SENTENCE UPON AN OFFENDER ABOVE THE STATUTORY MAXIMUM SENTENCE ALLOWED BY LAW AND TO FIND ADDITIONAL FACTS TO IMPOSE INCREASED CONSECUTIVE SENTENCING ALL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITION OF THE UNITED STATES.
 {¶ 5} IV. TRIAL COURT [J]UDGE P. RANDALL KNECE ERRED BY REFUSING TO RECUSE HIMSELF FROM THE CASE IN VIOLATION OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
 {¶ 6} A jury found Appellant guilty of the following offenses: (1) engaging in a pattern of corrupt activity, in violation of R.C. 2923.32; (2) two counts of burglary, in violation of R.C. 2911.12(A)(1); (3) two counts of money laundering, in violation of R.C. 1315.55(A)(3); (4) four counts of theft, in violation of R.C. 2913.02; and (5) forgery, in violation of R.C. 2913.31(A)(3). Appellant timely appealed his convictions.[1] This court, in State v. McCain, Pickaway County App. No. 01CA22, 2002-Ohio-5342, overruled Appellant's assignment's of error and affirmed the trial court's judgment.[2]
 {¶ 7} On August 25, 2004, Appellant filed a petition for post-conviction relief. In that petition, Appellant maintained that the procedure used by the trial court to impose consecutive sentences denied him due process under the United States Constitution on the authority ofBlakely v. Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial court denied Appellant's motion on September 23, 2004.
 {¶ 8} Appellant's first three assignments of error argue that the trial court erred in denying his petition for post-conviction relief. Appellant contends the trial court's sentence required factual findings on the part of the judge which violated his Sixth Amendment right to a jury's determination of the facts.
 {¶ 9} The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C. 2953.21(A)(1); State v. Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10, 2000 WL 1152236. In order to prevail on a petition for post-conviction relief, the petitioner must establish that he has suffered an infringement or deprivation of his constitutional rights. R.C.2953.21(A)(1). See, e.g. State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, 714 N.E.2d 905.
 {¶ 10} "[A] petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court." R.C. 2953.21(A)(2). In his previous appeal from his conviction and sentence, Appellant's trial transcripts were filed on March 19, 2002. Therefore, Appellant had until September 15, 2002, which was one hundred and eighty days, to file his petition for post-conviction relief. Appellant did not file his petition until August 25, 2004, which was well beyond the time limit afforded by R.C. 2953.21(A)(2).
 {¶ 11} Because Appellant's petition was filed after the applicable deadline, the trial court was without jurisdiction to consider the petition unless the requirements of R.C. 2953.23(A) were met. R.C.2953.23(A) provides that "[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) [of R.C.2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of [R.C. 2953.21] or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1).
 {¶ 14} Therefore, before a trial court may consider an untimely filed petition for post-conviction relief, the petitioner must prove: (1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. State v.Howell (June 26, 2000), Meigs County App. No. 99CA677, 2000 WL 864979.
 {¶ 15} In the case sub judice, Appellant's post-conviction relief petition is untimely. Moreover, R.C. 2953.23(A) has not been satisfied because Appellant has not demonstrated he was "unavoidably prevented from discovery of facts" which he must provide to present the claim for relief. R.C. 2953.23(A)(1)(a). Even if we assume, arguendo Appellant met the requirements of R.C. 2953.23(A)(1)(a), he must still meet R.C.2953.23(A)(1)(b).[3] State v. Barkley, Summit County App. No. 22351, 2005-Ohio-1268.
 {¶ 16} In his petition for post-conviction relief, Appellant contested the validity of his sentence. However, we hold that the plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors.[4] See also, Barkley, supra (where Barkley challenged only the validity of his sentence in his petition for post-conviction relief and the court held that the plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors). And finally, Appellant cannot show "but for constitutional error at trial," no reasonable fact finder would have found him guilty of the charges he was convicted of. R.C. 2953.23(A)(1)(b).
 {¶ 17} This Court recently held in State v. Gilliam, Lawrence County App. No. 04CA13, 2005-Ohio-2470, that "once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary." Since Appellant's petition for post-conviction relief was untimely filed, we decline to inquiry into the merits of Appellant's assignments of error for a lack of jurisdiction. See also, State v.Morgan, Shelby County App. No. 17-04-11, 2005 WL 28045; citing State v.Beaver (1998), 131 Ohio App.3d 458, 722 N.E.2d 978.
 {¶ 22} Therefore, because Appellants petition for post-conviction relief was untimely filed we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment Only.
[1] Appellant raised four assignments of error: I. "THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PRESENT IRRELEVANT AND PREJUDICIAL TESTIMONY, IN VIOLATION OF MR. McCAIN'S RIGHT TO A FAIR TRIAL. FIFTH, SIXTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, SECTIONS 5 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, AND OHIO RULES OF EVIDENCE 401, 402, AND 403." II. "THE TRIAL COURT ERRED IN REFUSING TO GRANT A MISTRIAL WHEN HIGHLY PREJUDICIAL AND INADMISSIBLE INFORMATION WAS PRESENTED TO THE JURY, AND THE CONVICTION WAS FOUNDED IN WHOLE OR IN PART ON THIS INFORMATION, DENYING MR. McCAIN DUE PROCESS OF LAW. FIFTH AND FOURTEENTH
AMENDMENTS TO THE U.S. CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION." III. "DAVID McCAIN'S CONVICTIONS ARE NOT SUPPORTED BY THE MANFIEST WEIGHT OF THE EVIDENCE, THEREBY DENYING HIM DUE PROCESS OF LAW. FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION; SECTION16, ARTICLE I, OHIO CONSTITUTION." IV. "THE TRIAL COURT'S SENTENCE OF THIRTY YEARS IN PRISON IS CONTRARY TO LAW."
[2] Regarding Appellant's fourth assignment of error, we held that the trial court properly ordered the sentences to be served consecutively and that Appellant had not clearly and convincingly shown that the trial court erred by imposing consecutive sentences. Moreover, we held that the record clearly and convincingly demonstrated that consecutive sentences were proper.
[3] Appellant does explicitly state why he filed his motion for post-conviction relief after the one hundred and eighty days (other than the authority of Blakely did not arise until 2004). On our initiative we have decided to address R.C. 2953.23 and any arguments Appellant is attempting to make. As discussed infra, we hold that Blakely is inapplicable to Ohio's sentencing scheme.
[4] Except errors taking place in the capital punishment context. SeeState v. Barkley (March 23, 2005), Summit County App. No. 22351, 2005-Ohio-1268, ¶ 11.