DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, William W. Mulhern, Jr., appeals from the Vinton County Common Pleas Court's judgment denying his petition for post-conviction relief. Because Appellant's petition for post-conviction relief was untimely filed, we dismiss his appeal for lack of jurisdiction.
 {¶ 2} On December 14, 2002, a jury found Appellant guilty of aggravated arson, a felony of the second degree, in violation of R.C. 2909.02 (a)(1) and tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12 (a)(1). On January 30, 2002, Appellant was sentenced to an eight-year term of imprisonment on the arson conviction and a five-year term of imprisonment on the tampering with evidence conviction, to be served consecutively.
 {¶ 3} Appellant directly appealed his convictions and sentences, filing his notice of appeal on February 6, 2002. The complete record was filed with this Court on April 8, 2002. In our decision and judgment entry dated October 25, 2002, we affirmed Appellant's conviction and sentence. Subsequently, on March 12, 2003, the Supreme Court of Ohio denied Appellant's request for leave to appeal and dismissed the appeal as not involving any substantial constitutional question.
 {¶ 4} On May 23, 2005, Appellant filed a "motion to vacate and reconstruct sentence pursuant to Blakely v. Washington,124 S.Ct. 2531," essentially a petition for post-conviction relief. In that petition, Appellant maintained that the procedure used by the trial court to impose a non-minimum sentence was unconstitutional under the authority of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial court denied Appellant's motion on July 14, 2005. Appellant now appeals the trial court's denial of his post-conviction motion, assigning the following error for our review.
 {¶ 5} "I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO VACATE AND RECONSTRUCT HIS SENTENCE PURSUANT TO BLAKELY V. WASHINGTON, 124 S. CT. 2531."
 {¶ 6} Initially, we note that Appellant's underlying motion, from which he now appeals, was entitled "motion to vacate and reconstruct sentence pursuant to Blakely v. Washington,124 S.Ct. 2531." In his appellate brief, Appellant characterizes that motion as a "collateral attack upon the trial court's illegal sentence." However, Appellee seemingly characterizes the current action as Appellant's attempt to re-appeal his original sentence, rather than as a direct appeal of the recent denial of his collateral attack of his original sentence. Recent rulings by this court, however, have construed collateral attacks requesting vacation and reconstruction of sentences, under the authority ofBlakely, to be petitions for post-conviction relief. See,State v. Rawlins, Scioto App. No. 05CA3012, State v. Wilson,
Lawrence App. No. 05CA22 and State v. McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. Thus we will proceed under the same analysis employed in those cases.
 {¶ 7} Appellant's sole assignment of error argues that the trial court erred in denying his petition for post-conviction relief and requests that this court modify and reduce his sentences. Appellant contends the sentences imposed on him required factual findings on the part of the judge, which violated his constitutional right to a jury's determination of the facts under Blakely.
 {¶ 8} The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C. 2953.21 (A)(1); State v.Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10, 2000 WL 1152236. In order to prevail on a petition for post-conviction relief, the petitioner must establish that he has suffered an infringement or deprivation of his constitutional rights. R.C.2953.21 (A)(1). See, e.g. State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, 714 N.E.2d 905.
 {¶ 9} "[A] petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed with the supreme court. If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21 (A)(2). The record related to Appellant's direct appeal of this matter was filed with this Court on April 8, 2002. Therefore, Appellant had until October 5, 2002, to file his petition for post-conviction relief. Appellant did not file his petition until May 23, 2005, which was well beyond the time limit afforded by R.C. 2953.21 (A)(2).
 {¶ 10} Because Appellant's petition was filed after the applicable deadline, the trial court was without jurisdiction to consider the petition unless the requirements of R.C. 2953.23 (A) were met. R.C. 2953.23 (A) provides that "a court may not entertain a petition filed after the expiration of the period prescribed in division (A) [of R.C. 2953.21] * * * or a second petition or successive petitions for similar relief on behalf of a petitioner unless" both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found petitioner eligible for the death sentence." R.C. 2953.23 (A)(1).
 {¶ 11} Therefore, before a trial court may consider an untimely filed petition for post-conviction relief, the petitioner must prove: 1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and 2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. Statev. Howell (June 26, 2000), Meigs App. No. 99CA677, 2000 WL 864979.
 {¶ 12} In the case sub judice, Appellant's post-conviction relief petition is untimely. Moreover, R.C. 2953.23 (A) has not been satisfied because Appellant has not demonstrated he was "unavoidably prevented from discovery of facts" which he must provide to present the claim for relief. R.C. 2953.23 (A)(1)(a). Further, Appellant's sole reason for filing his untimely motion for post-conviction relief is the recent United States Supreme Court decision, Blakely v. Washington, supra. Because we have held and continue to hold that Blakely is inapplicable to Ohio's sentencing scheme, Appellant cannot meet the alternative showing under R.C. 2953.23 (A)(1)(a).
 {¶ 13} Even if we assume Appellant met the requirements of R.C. 2953.23 (A)(1)(a), he must still meet the requirements of 2953.23 (A)(1)(b). State v. Barkley, Summit App. No. 22351,2005-Ohio-1268. In his petition for post-conviction relief, Appellant contested the validity of his sentence. However, we hold that the plain language of R.C. 2953.23 (A)(1)(b) does not extend to sentencing errors, except those occurring in the context of capital punishment. State v. Barkley, supra, (whereBarkley challenged only the validity of his sentence in his petition for post-conviction relief and the court held that the plain language of R.C. 2953.23 (A)(1)(b) does not extend to sentencing errors). This holding is consistent with our prior holdings on this same issue in State v. Rawlins, State v.Wilson, and State v. McCain, supra. Further, Appellant did not argue in his petition for post-conviction relief that "but for constitutional error at trial," no reasonable fact finder would have found him guilty of the charges for which he was convicted, as required by R.C. 2953.23 (A)(1)(b).
 {¶ 14} This Court has recently held in Rawlins, Wilson andMcCain, supra, relying on State v. Gilliam, Lawrence App. No. 04CA13, 2005-Ohio-2470, that "`once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Since Appellant's petition for post-conviction relief was untimely filed, we decline to address the merits of Appellant's assignment of error for lack of jurisdiction. See, Rawlins and Wilson, supra, citing Statev. McCain, supra, and State v. Morgan, Shelby App. No. 17-04-11, 2005-Ohio-427; See, also, State v. Beaver (1998),131 Ohio App.3d 458, 722 N.E.2d 978.
 {¶ 15} Therefore, because Appellant's petition for post-conviction relief was untimely filed, we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.