AMENDED DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Earnest Wilson, appeals from the Lawrence County Common Pleas Court's judgment denying his petition for post-conviction relief. Because Appellant's petition for post-conviction relief was untimely filed, we dismiss his appeal for lack of jurisdiction.
 {¶ 2} On April 3, 2002, Appellant pled guilty to two counts of rape, felonies of the first degree, in violation of R.C.2907.02(A)(1)(b) and was sentenced to two eight-year terms of imprisonment, to be served concurrently. In response, Appellant filed a notice of appeal on June 5, 2002, and an amended notice of appeal on June 12, 2002. The arraignment, plea and sentencing transcripts were filed with the court on August 8, 2002. Subsequently, Appellant withdrew his appeal February 24, 2003, and the matter was dismissed by this Court.
 {¶ 3} On May 2, 2005, Appellant filed a petition for post-conviction relief. In that petition, Appellant maintained that the procedure used by the trial court to impose a non-minimum sentence denied him due process under the United States Constitution on the authority of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial court denied Appellant's motion on May 18, 2005. Appellant now appeals the trial court's denial of his post-conviction motion, assigning the following errors for our review.
 {¶ 4} "I. APPELLANT'S SENTENCE OF EIGHT YEARS IMPOSED IN THIS HIS FIRST FELONY CONVICTION AND HIS FIRST EVER INCARCERATION TERM, RESULTING FROM HIS PLEA OF GUILTY TO A CLASS ONE FELONY, VIOLATES HIS DUE PROCESS, EQUAL PROTECTION, AND CONSTITUTIONAL, AS WELL AS STATUTORY RIGHTS.
 {¶ 5} II. APPELLANT'S CONSTITUTIONAL AND DUE PROCESS RIGHTS WERE VIOLATED BY THE TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL, AT EVERY CRITICAL STAGE OF HIS PROCEEDINGS. THIS INCLUDES SENTENCING.
 {¶ 6} III. WHEN, AS HERE, A CRIMINAL DEFENDANT'S SENTENCE WAS IMPOSED IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS, SAID SENTENCE IS INVALID AND MUST BE VOIDED OR VACATED AND THE PROPER AND LAWFUL SENTENCE IMPOSED.
 {¶ 7} IV. WHEN, AS HERE, THE TRIAL COURT HAS VIOLATED A DEFENDANT'S CONSTITUTIONAL RIGHTS AND SO IMPOSED AN UNLAWFUL SENTENCE, SAID SENTENCE IS VOID, OR INVALID, AND THE COURT'S (SIC) HAVE A DUTY, AS HE HAS A RIGHT TO REDRESS, AND SAID SENTENCE MUST BE PRUDENTLY CORRECTED.
 {¶ 8} V. AS THE TRIAL COURT SUMMARILY DENIED THE APPELLANT'S POST CONVICTION MOTION, WITHOUT A HEARING AND NO COUNSEL, AND DID SO IN A BRIEF ORDER OR ENTRY THAT DOES NOT EXPLAIN SUCH ACTION OR GIVE ANY REASONS, FACTS, FINDINGS, OR CONCLUSIONS OF LAW, SUCH ACT IS AN ABUSE OF DISCRETION AND A FURTHER VIOLATION OF DUE PROCESS, EQUAL PROTECTION, AND HIS CONSTITUTIONAL RIGHTS."
 {¶ 9} Appellant's first four assignments of error argue that the trial court erred in denying his petition for post-conviction relief and request that this court correct his non-minimum sentence of eight years to the minimum of three years. Appellant contends that sentence required factual findings on the part of the judge which violated his Sixth Amendment right to a jury's determination of the facts.
 {¶ 10} The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. See R.C. 2953.21 (A)(1); State v.Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10, 2000 WL 1152236. In order to prevail on a petition for post-conviction relief, the petitioner must establish that he has suffered an infringement or deprivation of his constitutional rights. R.C.2953.21 (A)(1). See, e.g. State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, 714 N.E.2d 905.
 {¶ 11} "[A] petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed with the supreme court." R.C. 2953.21 (A)(2). In his previous appeal from his conviction and sentence, Appellant's trial transcripts were filed on August 8, 2002. Therefore, Appellant had until February 4, 2003, which was one hundred and eighty days, to file his petition for post-conviction relief. Appellant did not file his petition until May 2, 2005, which was well beyond the time limit afforded by R.C. 2953.21 (A)(2).
 {¶ 12} Because Appellant's petition was filed after the applicable deadline, the trial court was without jurisdiction to consider the petition unless the requirements of R.C. 2953.23 (A) were met. R.C. 2953.23 (A) provides that "a court may not entertain a petition filed after the expiration of the period prescribed in division (A) [of R.C. 2953.21] * * * or a second petition or successive petitions for similar relief on behalf of a petitioner unless" both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found petitioner eligible for the death sentence." R.C. 2953.23 (A)(1).
 {¶ 13} Therefore, before a trial court may consider an untimely filed petition for post-conviction relief, the petitioner must prove: 1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and 2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. Statev. Howell (June 26, 2000), Meigs App. No. 99CA677, 2000 WL 864979.
 {¶ 14} In the case sub judice, Appellant's post-conviction relief petition is untimely. Moreover, R.C. 2953.23 (A) has not been satisfied because Appellant has not demonstrated he was "unavoidably prevented from discovery of facts" which he must provide to present the claim for relief. R.C. 2953.23(A)(1)(a). Further, Appellant's sole reason for filing his untimely motion for post-conviction relief is the recent United States Supreme Court decision, Blakely v. Washington, supra. In our view,Blakely did not create a new constitutional right it only applied the principles established in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348. Therefore, Appellant cannot meet the alternative showing under R.C. 2953.23(A)(1)(a) and should have brought this issue up in his direct appeal. Further, the Ohio Supreme Court in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, held that certain Ohio felony sentencing statutes violate the Sixth Amendment to the U.S. Constitution. However, its ruling only applies to pending appeals not a post-conviction relief motion untimely filed.
 {¶ 15} Even if we assume Appellant met the requirements of R.C. 2953.23(A)(1)(a), he must still meet the requirements of 2953.23(A)(1)(b). State v. Barkley, Summit App. No. 22351,2005-Ohio-1268. In his petition for post-conviction relief, Appellant contested the validity of his sentence. However, we hold that the plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors, except those occurring in the context of capital punishment. State v. Barkley, supra, (whereBarkley challenged only the validity of his sentence in his petition for post-conviction relief and the court held that the plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors). This holding is consistent with our prior holding on this same issue in State v. McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. Further, and as in McCain, supra, Appellant cannot show that "but for constitutional error at trial," no reasonable fact finder would have found him guilty of the charges for which he was convicted, as required by R.C.2953.23(A)(1)(b).
 {¶ 16} This Court recently held in State v. McCain, supra, relying on State v. Gilliam, Lawrence App. No. 04CA13,2005-Ohio-2470, that "`once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Since Appellant's petition for post-conviction relief was untimely filed, we decline to address the merits of Appellant's assignments of error for lack of jurisdiction. See, State v. McCain, supra, citing State v.Morgan, Shelby App. No. 17-04-11, 2005-Ohio-427; citing Statev. Beaver (1998), 131 Ohio App.3d 458, 722 N.E.2d 978.
 {¶ 17} Therefore, because Appellant's petition for post-conviction relief was untimely filed, we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.