DECISION AND JUDGMENT ENTRY
{¶ 1} Robert T. Schoolcraft appeals the Washington County Court of Common Pleas' dismissal of his second petition for post-conviction relief. In his first assignment of error, Schoolcraft contends that the trial court erred when it dismissed his petition as untimely filed, because he was unavoidably prevented from discovering the facts upon which he relies for relief. Namely, Schoolcraft relies upon the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. 296
and United States v. Booker (2005), 543 U.S. 220, as the facts that entitle him to relief. However, Blakely, Booker, and their subsequent Ohio counterpart, State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, did not create any new federal or state rights because they interpreted and applied Apprendi v. New Jersey
(2000), 530 U.S. 466, which was decided on June 26, 2000. Even if we assume that Schoolcraft never filed a prior post-conviction petition, because Apprendi created a federal right before Schoolcraft's conviction and sentence, Schoolcraft could have raised the constitutional issues on direct appeal. Thus, we find that the trial court did not err in finding that Schoolcraft did not timely file his petition or demonstrate that he was entitled to file an untimely petition. Therefore, the trial court did not err when it dismissed Schoolcraft's petition, upon determining that it lacked jurisdiction to consider its merits. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court convicted and sentenced Schoolcraft on January 8, 2003. Schoolcraft appealed. The transcript was filed on March 14, 2003. This court affirmed the trial court's judgment on February 19, 2004 in State v. Schoolcraft, Washington App. No. 03CA9, 2004-Ohio-817. On September 10, 2004, Schoolcraft filed a petition for post-conviction relief, alleging that theBlakely decision required the court to revisit its sentencing decision. On September 22, 2004, the court issued an entry denying Schoolcraft's petition. The court found that he did not file the petition within the 180 day time period prescribed by R.C. 2953.21(A)(2), and that he failed to show that any of the exceptions to the filing deadline set forth in R.C. 2953.23
apply. Schoolcraft did not appeal the trial court's ruling.
 {¶ 3} On April 12, 2005, Schoolcraft filed a motion for leave to expand the record. On April 13, 2005, he filed a petition to vacate or set aside his sentence on the grounds that Blakely
and Booker required the court to revisit its sentencing decision. The court issued a decision and entry on April 15, 2005. The court found that Schoolcraft failed to allege any new factual basis or any statutory exception to the requirement that he file before the prescribed deadline. Additionally, the court found that the issues are res judicata, since it determined them when it considered his September 2004 petition. Therefore, the court denied and dismissed Schoolcraft's pending motions and petitions.
 {¶ 4} Schoolcraft timely appeals, asserting the following assignments of error: I. "The Washington County Court of Common Pleas dismissed Appellants (sic) Post-Conviction Petition, O.R. 2953.23, as being untimely and therefore lacked jurisdiction to hear the case as stated therein." II. "The Washington County Court of Common Pleas used enumerating seriousness factors when determining the proper sentence the Court would impose for the charge of Illegal Possession of Drugs a Third Degree Felony as contained within O.R. 2925.23(A) and (C)(1)(B) of the Ohio Revised Code, violating appelants (sic) Constitutional Rights under the Sixth and Fourteenth Amendments of the United States and Ohio Constitutions, denying appellants (sic) Due Process Rights to be informed of all the facts pertaining to his charge prior to the Courts (sic) acceptance of a plea agreement." III. "The language contained within the Ohio Sentencing Guidelines Ohio Revised Code 2929 is unconstitution (sic) under the Separation of Powers Doctrine, in effect causing the sentencing to become mandatory upon Sentencing Judges who are required to use the Enumerating Seriousness Factors contained within O.R. 2929.11 when determining the proper sentence the Judges will impose, violating individuals (sic) rights in the process, as the Court did within appellants (sic) case as mentioned above."
 II. {¶ 5} In his first assignment of error, Schoolcraft contends that the trial court erred when it dismissed his petition for post-conviction relief based upon his failure to timely file it.[1] Schoolcraft does not dispute that he failed to file his petition within the 180 day time period prescribed by R.C.2953.21(A), but argues that an exception contained in R.C.2953.23(A)(1)(a) applies.
 {¶ 6} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed or successive petition for post-conviction relief unless two conditions exist. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 7} Thus, before a trial court may consider an untimely filed petition for post-conviction relief, the petitioner must satisfy a two-pronged test by demonstrating that: (1) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. State v. Howell (June 26, 2000), Meigs App. No. 99CA677, 2000 WL 864979.
 {¶ 8} This court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v.Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Thus, we will independently review the record, without deference to the trial court's decision, to determine if Schoolcraft's petition satisfies the two-pronged test in R.C. 2953.23(A)(1).
 {¶ 9} Schoolcraft contends that, under the grounds enunciated in Blakely and Booker, his sentence is contrary to law. Schoolcraft further asserts that Blakely constitutes a new federal or state right that applies retroactively to individuals in his situation. In Blakely, the Court interpreted Apprendi,
supra, and held that the Sixth Amendment right to a jury trial prohibits the enhancement of a sentence based on factual findings made by the judge. Blakely at 301. In Booker, the Court held that its interpretation of sentencing guidelines applied to all cases on direct review. Booker at 268.
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio found that R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment pursuant toBlakely, supra, and Apprendi, supra, to the extent that they required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster
Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding inBooker, supra, the Foster Court only applied its holding retroactively to cases that are pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 11} Thus, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Supreme Court of Ohio restricted retroactive application of its holding to cases on direct review. In addition, Blakely and Foster did not create any new federal or state rights because they interpreted and applied Apprendi, which was decided on June 26, 2000. SeeState v. Wilson, Lawrence App. No. 05CA22, 2006-Ohio-2049.
 {¶ 12} Here, Schoolcraft's case is before us on appeal from the court's denial of his petition for post-conviction relief, not on direct appeal. In addition, Schoolcraft was convicted and sentenced in 2003. We decided his appeal in 2004. He could have raised this issue in his direct appeal because Apprendi created a new federal right on June 26, 2000. As such, even if we ignore his first post-conviction petition, which he failed to appeal, Schoolcraft has failed to meet his burden under R.C.2953.23(A)(1) to except him from the requirement to timely file his petition for post-conviction relief. Therefore, the trial court lacked jurisdiction to entertain the petition, and properly dismissed it. See Wilson, supra; State v. Rawlins, Scioto App. No. 05CA3021, 2006-Ohio-1901; State v. Kelly, Lucas App. No. L-05-1237, 2006-Ohio-1399, at ¶ 12.
 {¶ 13} "`[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Wilson, at ¶ 16, citing State v. McCain,
Pickaway App. No. 04CA27, 2005-Ohio-4952. See, also, State v.Bryant, Mahoning App. No. 04-MA-109, 2005-Ohio-5054, at ¶ 6;State v. Beaver (1998), 131 Ohio App.3d 458, 463. Since Schoolcraft did not timely file his petition for post-conviction relief and previously filed a petition for post-conviction relief, and further because Schoolcraft failed to show that an exception to the prohibition on timely or successive petitions applies, his remaining assignments of error are moot, and we decline to address them. App.R. 12(A)(1)(c). See, also, Beaver,
supra; Wilson, supra.
 {¶ 14} Accordingly, we overrule Schoolcraft's first assignment of error, decline to address his second and third assignments of error, and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.
[1] We note that the trial court based its decision both on its finding that Schoolcraft did not timely file it and on its finding that Schoolcraft previously filed a similar petition for post-conviction relief.