DECISION AND JUDGMENT ENTRY
{¶ 1} Jack E. Volgares appeals the Lawrence County Court of Common Pleas' denial of his petition for post-conviction relief. Volgares contends that the trial court erred when it denied his petition without cause or reason, and that he is entitled to post-conviction relief because his sentence is unconstitutional pursuant to several United States Supreme Court decisions that created a new federal right. We disagree because Volgares failed to satisfy the first prong of the two pronged test in R.C.2953.23(A)(1), and thus, his petition is untimely. Specifically, after a remand for re-sentencing, we decided Volgares' direct appeal on June 30, 2000 and the new federal right in Apprendi v.New Jersey (2000), 530 U.S. 466 was created on June 26, 2000. Hence, Volgares had time to raise this issue either in his direct appeal or in a motion for reconsideration. However, even if we assume that Volgares could not have raised this issue on direct appeal, a reviewing court cannot apply Apprendi retroactively unless the case is before it on direct appeal. Therefore, we find that the trial court did not err in denying his petition. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court convicted and sentenced Volgares for murder and other offenses in connection with the 1997 death of his stepdaughter, Seleana Gamble. The transcripts of the proceedings were filed on March 16, 1998. This court affirmed his convictions in all respects except for the trial court's imposition of consecutive prison terms for the various crimes. See State v. Volgares (May 17, 1999), Lawrence App. No. 98CA06 ("Volgares I"). On remand, the trial court again imposed consecutive sentences, which totaled thirty-eight years to life imprisonment. Volgares appealed, and the transcript of his sentencing was filed on November 9, 1999. We affirmed his sentence in State v. Volgares (June 30, 2000), Lawrence App. No. 99CA25 ("Volgares II").
 {¶ 3} On June 20, 2005, Volgares filed a motion to vacate and reconstruct his sentence pursuant to Blakely v. Washington
(2004), 542 U.S. 296. The court denied his motion. Volgares timely appeals, asserting the following assignments of error: I. "Defendant was denied due process of law, as guaranteed by Fourteenth Amendment, when the trial court denied his petition for post conviction relief without cause or reason." II. "Defendant was sentenced inan (sic) unconstitutional system in which, a judge, not a jury, found sentence enhancing facts" III. "Imposition of more than the minimum sentences on defendant, a first-time offender, based on facts not found by a jury or admitted to by the defendant violated his right as guaranteed by the Sixth Amendment." IV. "Imposition of consecutive sentences based on facts not cound (sic) by a jury nor admitted by the defendant violated his rights guaranteed by the Sixth Amendment."
 II. {¶ 4} In each of his assignments of error, Volgares challenges the trial court's denial of his petition for post conviction relief.
 {¶ 5} Pursuant to R.C. 2953.21(A), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
 {¶ 6} R.C. 2953.23(A)(1) provides that a court may not entertain a delayed petition for post-conviction relief unless two conditions exist. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 7} Thus, before a trial court may consider an untimely filed petition for post-conviction relief, the petitioner must prove: (1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. State v. Howell (June 26, 2000), Meigs App. No. 99CA677, 2000 WL 864979.
 {¶ 8} This court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v.Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Thus, we will independently review the record, without deference to the trial court's decision, to determine if Volgares' petition satisfies the two-pronged test in R.C. 2953.23(A)(1).
 {¶ 9} Volgares contends that, under the grounds enunciated inBlakely, his sentence is unconstitutional. Volgares further asserts that Blakely constitutes a new federal or state right that applies retroactively to individuals in his situation. InBlakely, the Court held that the Sixth Amendment right to a jury trial prohibits the enhancement of a sentence based on factual findings made by the judge. Blakely at 301. In UnitedStates v. Booker (2005), 543 U.S. 220, the Court held that its interpretation of sentencing guidelines applied to all cases on direct review. Booker at 268.
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio found that R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment pursuant toBlakely, supra, and Apprendi, supra, to the extent that they required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster
Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding inBooker, supra, the Foster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 11} Thus, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Supreme Court of Ohio restricted retroactive application of its holding to cases on direct review. In addition, Blakely and Foster did not create any new rights because they applied Apprendi. See Statev. Wilson, Lawrence App. No. 05CA22, at ¶ 14, 2006-Ohio-2049.
 {¶ 12} Here, Volgares' case is before us on appeal from the court's denial of his petition for post-conviction relief, not on direct appeal. After a remand for re-sentencing, we decided Volgares' direct appeal on June 30, 2000 and the new federal right created by Apprendi was decided on June 26, 2000. Hence, Volgares had time to raise this issue either in his direct appeal or in a motion for reconsideration. However, even if we assume that Volgares could not have raised this issue on direct appeal, a reviewing court cannot apply Apprendi retroactively unless the case is before it on direct appeal. This case is not before us on a direct appeal. Thus, Volgares failed to meet the first prong of his burden under R.C. 2953.23(A)(1) to exempt him from the requirement to timely file his petition for post-conviction relief. Because Volgares failed to satisfy the first prong of the two prong test, we do not need to address the second prong. And, because Volgares cannot satisfy both prongs of the test, the trial court lacked jurisdiction to entertain the petition, and therefore, and properly denied it. See Id.; State v. Rawlins,
Scioto App. No. 05CA3021, 2006-Ohio-1901; State v. Kelly, Lucas App. No. L-05-1237, 2006-Ohio-1399, at ¶ 12.
 {¶ 13} "`[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Wilson, at ¶ 16, citing State v. McCain,
Pickaway App. No. 04CA27, 2005-Ohio-4952. See, also, State v.Bryant, Mahoning App. No. 04-MA-109, 2005-Ohio-5054, at ¶ 6;State v. Beaver (1998), 131 Ohio App.3d 458, 463. Since Volgares did not timely file his petition for post-conviction relief, and further because Volgares failed to show that an exception to the timeliness requirement applies, we decline to address the merits of his appeal. App.R. 12(A)(1)(c). See, also,Beaver, supra; Wilson, supra.
 {¶ 14} Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and McFarland, J., Concur in Judgment Only.