DECISION AND JUDGMENT ENTRY
{¶ 1} Gregory Joy ("Appellant") appeals the Hocking County Court of Common Pleas' denial of his motion for post-conviction relief. The Appellant contends that the trial court erred when it denied his post-conviction relief petition because the petition showed substantial grounds to require relief. Because we find that the Appellant has not satisfied the first prong of the two-pronged test set forth in R.C.2953.23(A)(1), which provides an exception to the 180-day time requirement for filing post-conviction relief petitions, we dismiss his appeal for lack of jurisdiction. *Page 2 
 {¶ 2} On October 18, 1999, the Appellant was convicted of one count of rape in violation of R.C. 2907.02 and two counts of felonious assault in violation of R.C. 2903.11. The trial court sentenced the Appellant to nine years on the rape charge and five years on each count of felonious assault, to be served consecutively, for a total of nineteen years.
 {¶ 3} On May 24, 2006, the Appellant filed a motion for post-conviction relief, as well as a motion for findings of fact and conclusions of law, in the Hocking County Court of Common Pleas. The trial court denied both of the Appellant's motions on May 25, 2006. The Appellant now appeals the trial court's decision denying his motion for post-conviction relief, asserting the following assignment of error:
 {¶ 4}
 1. THE COURT ERRED BY DENYING THE DEFENDANTS PETITION WHEN THE DEFENDANT PROVED THAT POST CONVICTION WAS THE PROPER REMEDY, PETITION WAS TIMELY FILED, AND DEFENDANT PRESENTED PROVED GROUNDS OF SENTENCE BEING CONTRARY TO LAW AND A DUE PROCESS VIOLATION. AND BY SUCH DENIAL CREATES INEQUITY WHICH CONSTITUTED MANIFEST INJUSTICE. [sic]
 {¶ 5} The Appellant's first assignment of error is based on the recent Supreme Court of Ohio decision in State v. Foster, 109 Ohio St.3d 1, 845
N.E.2d 470, 2006-Ohio-856, which held that certain of Ohio's sentencing statutes are unconstitutional. We initially note that the Appellant's petition for post-conviction relief was untimely filed. The Appellant, however, *Page 3 
implicitly acknowledges the untimely filing by hinging his arguments on appeal on the assertion that Foster has created a new state right that applies retroactively to persons in his situation.
 {¶ 6} R.C. 2953.23(A)(1) prohibits a court from considering a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. In order to satisfy the test, a petitioner must first show that he was either "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.23(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Provided that a petitioner meets the first prong, the petitioner must meet the second prong of the test by showing "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. * * *." RC. 2953.23(A)(1)(b).
 {¶ 7} The Appellant contends that Foster created a new right that applies retroactively to individuals in his situation. In order to analyze this argument, we must examine the holdings of those cases leading up to Foster, *Page 4 
including Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738. This Court has previously held that Blakely did not create a new constitutional right because it only applied principles that were already established in Apprendi. State v. Barney, supra; citing State v. Wilson, Lawrence App. No. 05CA22, at ¶ 14, 2006-Ohio-2049. Further, the Booker court's holding only applied to cases on direct review, as opposed to petitions for post-conviction relief, which are collateral attacks upon judgments of convictions. See, e.g., Wilson, supra. Likewise, the Foster court limited the retroactivity of its holding to the cases it was directly considering and cases pending on direct review. Foster at ¶ 106.
 {¶ 8} The Appellant was sentenced in 1999. His case is now before us on appeal from the trial court's denial of his post-conviction petition, not on direct appeal. As such, Appellant's situation does not satisfy the retroactivity requirement contained within the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1), which provides an exception to the requirement that a petition for post-conviction relief be timely filed. Because Appellant cannot satisfy the first prong of this test, we need not address the second prong. *Page 5 
 {¶ 9} Therefore, we conclude that the trial court lacked jurisdiction to entertain the petition and should have dismissed it on those grounds, given that the petition was untimely filed. "`[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Wilson at ¶ 16, citing State v.McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. Thus, we overrule the Appellant's assignment of error and, accordingly, dismiss the case.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1