DECISION AND JUDGMENT ENTRY
{¶ 1} Heath Mustard appeals the common pleas court's dismissal of his petition for post-conviction relief as being "untimely." Mustard based his petition on grounds enunciated in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and claims the trial court has jurisdiction over his petition as it is premised upon a new federal or state right that retroactively applies to him. We conclude Mustard did not file his petition within the time provided for by the statute or any of its exceptions. Thus, the trial court did not err in dismissing the petition for lack of jurisdiction.
 I. {¶ 2} In 2003, Mustard was convicted of felonious assault, in violation of R.C. 2903.11, and domestic violence, R.C. 2919.25, and was sentenced to eight years in prison for the offenses. In January 2004, he appealed his conviction and sentence; we *Page 2 
affirmed the trial court's judgment in State v. Mustard (Sept. 14, 2004), Pike App. No. 04CA724. Mustard sought review of our decision but the Supreme Court of Ohio denied him leave and dismissed the appeal on February 16, 2005.
 {¶ 3} In May 2006, Mustard filed a petition in the trial court seeking post-conviction relief under R.C. 2953.21. Specifically, Mustard alleged that in imposing the eight-year sentence upon him, the trial court engaged in an act of impermissible judicial fact-finding in applying R.C. 2929.14(C). The Ohio Supreme Court previously had ruled the application of this statute violated the Sixth Amendment principles. SeeState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Mustard asserted that because his petition for post-conviction relief was based on a newly recognized federal right that applied retroactively, he was entitled to file the post-conviction relief petition beyond the 180-day time limit provided in the statute. See R.C. 2953.21(A), R.C. 2953.23(A).
 {¶ 4} Finding that the petition was filed well beyond the 180-day time period provided in R.C. 2953.21(A)(2) and that none of the exceptions in R.C. 2953.23(A) to the filing deadline applied, the trial court concluded it lacked jurisdiction to entertain the petition and dismissed it.
 II. Assignments of Error {¶ 5} Mustard presents two assignments of error for our review:
 Assignment of Error No. 1:
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE APPELLANT BY DISMISSING HIS PETITION FOR POST-CONVICTION RELIEF. *Page 3 
 Assignment of Error No. 2:
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE APPELLANT BY HOLDING THAT IT DID NOT HAVE JURISDICTION TO ENTERTAIN HIS PETITION FOR POST-CONVICTION RELIEF, WHEN THE APPELLANT PROPERLY INVOKED THE TRIAL COURT'S JURISDICTION UNDER R.C. 2953.21 and R.C. 2953.23.
 III. {¶ 6} In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." In order to prevail on such a petition, the petitioner must establish that he or she has suffered an infringement or deprivation of his or her constitutional rights. R.C. 2953.21(A)(1); State v. Rawlins, Scioto App No. 05CA3012,2006-Ohio-1901, ¶ 7, citing State v. Calhoun (1999), 86 Ohio St.3d 279.
 {¶ 7} Under R.C. 2953.21(A)(2), a petitioner must file for post-conviction relief no later than 180 days after the date the trial transcript is filed in the direct appeal from the judgment of conviction. Where the petitioner has not filed a direct appeal, the petitioner may seek post-conviction relief up to 180 days after the expiration of the time to file an appeal. See App.R. 3(A) and 4(A).
 {¶ 8} The trial transcripts in Mustard's direct appeal were filed in 2004, but he did not file his petition for post-conviction relief until January 2006, well beyond the 180-day time period specified in R.C.2953.21(A)(2). Under R.C. 2953.23(A)(1), the trial court had no jurisdiction to hear the untimely filed petition for post-conviction relief unless Mustard satisfied both of the following conditions: *Page 4 
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence.
 {¶ 9} Mustard concedes that his petition for post-conviction relief was not timely under R.C. 2953.21(A). But he contends that he properly invoked the trial court's jurisdiction under 2953.23(A)(1) because his sentence is based on an unconstitutional statute under the grounds enunciated in Blakely, supra, and as applied to Ohio sentencing statutes in Foster, supra, both of which were decided subsequent to the 180-day time period specified in R.C. 2953.21(A)(2). Thus, Mustard contends his post-conviction relief petition asserted a "new federal or state right that applies retroactively to persons in [his] situation."
 {¶ 10} We conduct a de novo review of a trial court's dismissal or denial of a petition for post-conviction relief where, as here, there was no hearing on the petition. State v. Schoolcraft, Washington App. No. 05CA29, 2006-Ohio-3139, ¶ 8. Accordingly, we will independently review the record, without deference to the trial court's decision, to determine if Mustard's petition satisfies the two-pronged test in R.C.2953.23(A)(1). *Page 5 
 {¶ 11} In Foster, supra, the Supreme Court of Ohio found that R.C.2929.14(C), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent they required judicial fact-finding.Foster, supra, at paragraphs one through seven of the syllabus. As we have previously observed, Blakely did not create a new constitution right. State v. Rawlins, Scioto App. No. 05CA3012, 2006-Ohio-1901, ¶ 12. It only applied the principles previously established inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, which was decided on June 26, 2000 — before Mustard was convicted and sentenced, and before his direct appeal to this court. Because Mustard could have raised the unconstitutionality of his sentence in his direct appeal, his petition for post-conviction relief is not based on a "new federal or state right", as required by R.C. 2953.23(A)(1)(a). See,Schoolcraft, supra, ¶ 12; Rawlings, supra, ¶ 12.
 {¶ 12} Furthermore, the "federal or state right" upon which Mustard relies does not apply retroactively to him. The United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. See, United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621. Consistent with the United States Supreme Court's holding in Booker, supra, the Ohio Supreme Court in Foster restricted retroactive application of its holdings to cases pending on direct review or not yet final. Foster, supra, at ¶ 106. See,Schoolcraft, supra, at ¶ ¶ 10-11; Rawlings, supra, at ¶ 12. See, also,State v. Smith, Lorain App. No. 05CA008772, 2006-Ohio-2045, ¶ ¶ 8 and 9, appeal not allowed, 111 Ohio St.3d 1417, 2006-Ohio-5083. Accordingly, we have previously determined that the holdings in Foster do not apply to an untimely filed petition for post-conviction relief.Rawlings, supra. *Page 6 
 {¶ 13} Finally, even if we assume that Mustard has met the requirements of R.C. 2953.23(A)(1)(a), he must still meet the requirements of R.C. 2953.23(A)(1)(b). We have also held the plain language of that statutory provision "does not extend to sentencing errors, except those occurring in the context of capital punishment."Rawlings, supra, at ¶ 13. Because Mustard's sentence does not involve capital punishment, R.C. 2953.23(A)(1)(b) is inapplicable.
 {¶ 14} Mustard's petition for post-conviction relief was not timely. Accordingly, we overrule his assignments of error and affirm the trial court's judgment dismissing his post-conviction relief petition for lack of jurisdiction.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
 For the Court *Page 1