DECISION AND JUDGMENT ENTRY
{¶ 1} Steven Gibson appeals the trial court's judgment dismissing his second petition for post-conviction relief. Gibson argues the trial court erred in dismissing the petition for lack of jurisdiction under R.C. 2953.23. Gibson asserts the trial court should have held an evidentiary hearing and appointed counsel to assist him in obtaining post-conviction relief on his claim that he was deprived of the effective assistance of trial counsel. Because Gibson's second petition for post-conviction relief was untimely and he has not demonstrated that the petition falls within an exception in R.C. 2953.23(A) governing late or second petitions, the trial court did not err in dismissing the petition due to the court's lack of jurisdiction. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} Following a trial in 2001, the jury found Gibson guilty of gross sexual imposition and attempted felonious sexual penetration of his stepdaughter. The trial court sentenced Gibson to consecutive terms of imprisonment of 18 months and five to fifteen years, respectively. The same attorneys that represented Gibson at trial filed an appeal of his conviction and sentence. This court affirmed Gibson's conviction and sentence in a decision issued September 27, 2002. State v. Gibson,
Washington App. No. 01CA19, 2002-Ohio-5232, appeal not allowed,101 Ohio St.3d 1491, 2004-Ohio-1293. Subsequently, we denied Gibson's delayed application to reopen his appeal.
 {¶ 3} During the pendency of the appeal, Gibson filed a pro se petition to vacate or set aside the judgment of conviction and sentence, together with a motion for appointment of counsel to represent him in post-conviction relief proceedings. On July 17, 2002, the trial court dismissed the petition because it did not set forth sufficient operative facts or allegations entitling Gibson to post-conviction relief under R.C. 2953.21, and Gibson was therefore not entitled to a hearing or to the appointment of counsel. Gibson did not appeal this decision.
 {¶ 4} Subsequently, on March 9, 2005, Gibson filed a second pro se petition for post-conviction relief, again requesting the appointment of counsel and a hearing on Gibson's claims that he received ineffective assistance of trial counsel and was further prejudiced by prosecutorial misconduct and judicial bias. The trial court dismissed Gibson's second post-conviction petition without holding a hearing, finding that the petition was untimely and failed to meet the criteria set forth in R.C. 2953.23 that allows a court to entertain an untimely or second post-conviction relief petition.
 {¶ 5} Gibson timely appealed to this court, assigning the following error for our review:
THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION BY SUMMARILY DENYING THE DEFENDANT'S RECENT POSTCONVICTION MOTION WITHOUT A HEARING OR THE APPOINTMENT OF COUNSEL, OR PRODUCTION OF REQUESTED MATERIALS DESPITE HIS CLAIM OF HAVING ALWAYS BEEN DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 6} We review a trial court's decision to deny a petition for post-conviction relief without a hearing under a de novo standard of review. See State v. Miller, Ross. App. No. 01CA2614, 2002-Ohio-407.
 {¶ 7} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" See also, Statev. Grover (1995), 71 Ohio St.3d 577; State v. Powell (1993),90 Ohio App.3d 260.
 {¶ 8} Except as provided in R.C. 2953.23, a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals when there is a direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).
 {¶ 9} If a post-conviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for post-conviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C. 2953.23(A)(1)(b).
 {¶ 10} Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief.State v. Carter, Clark App. No. 03CA-11, 2003-Ohio-4838, citing State v.Beuke (1998), 130 Ohio App.3d 633, and State v. Owens (1997),121 Ohio App.3d 34; State v. McGee, Loraine App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed, 98 Ohio St.3d 1409, 2003-Ohio-60;State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922.
 {¶ 11} In this case, Gibson was convicted and sentenced in 2001, and we affirmed his conviction in September of 2002. He filed his second petition for post-conviction relief in March 2005, well after the statutorily prescribed time for post-conviction relief had run. Gibson's petition was clearly untimely. Because the petition was untimely, in addition to being a second or successive petition, Gibson had to satisfy the criteria set forth in R.C. 2953.23(A) before the trial court could consider the merits of the petition.
 {¶ 12} Gibson's second petition fails to argue, let alone establish, that his claim for post-conviction relief falls within R.C. 2953.23(A)'s criteria. The petition does not show that he was "unavoidably prevented" from discovering the "facts" upon which he relies in his petition. See R.C. 2953.23(A)(1)(a). R.C. 2953.23's "purpose is to permit courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new theories using the same underlying facts." State v. Hurst (Jan. 10, 2000), Stark App. No. 1999CA00171, citing State v. Brewer (Sept. 18, 1998), Highland App. No. 98-CA-5, appeal not allowed, 84 Ohio St.3d 1436. "A petitioner merely asserting that he was unaware of certain alleged facts fails to satisfy his burden of demonstrating that he was unavoidably prevented from discovering those alleged facts." Id.
 {¶ 13} Here, the facts alleged in Gibson's petition are either facts contained in the existing record or are facts that were available previously. Gibson merely argues that he was unaware of certain facts that allegedly prove his innocence and show the ineffectiveness of his trial counsel in failing to prove his innocence at trial. Accordingly, the petition fails to satisfy the criteria set forth in R.C. 2953.23(A)(1)(a).
 {¶ 14} In addition, the petition makes no claim based on a new federal or state right recognized by the United States Supreme Court that applies retroactively to petitioner. Therefore, he has not satisfied the alternative criteria, set forth in R.C. 2953.23(A)(1)(b).
 {¶ 15} Because Gibson's second petition for post-conviction relief fails to satisfy the criteria set forth in R.C. 2953.23 governing untimely and second post-conviction relief petitions, the trial court lacked jurisdiction to consider the merits of the petition. Accordingly, we overrule Gibson's single assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.