DECISION AND JUDGMENT ENTRY
{¶ 1} Darrell Barney appeals the Meigs County Common Pleas Court's dismissal of his petition for post-conviction relief for lack of jurisdiction. The crux of Barney's argument is that the trial court erred when it dismissed his petition as untimely filed, because the United States Supreme Court created a new federal right, which is an exception to the 180 day filing requirement contained in R.C. 2953.21. Namely, Barney contends that the United States Supreme Court's decisions in Apprendi v.New Jersey (2000), 530 U.S. 466; Blakely v. Washington (2004),542 U.S. 296 and United States v. Booker (2005), 543 U.S. 220, created a new federal right entitling him to relief. BecauseApprendi, Blakely, Booker, and their subsequent Ohio counterpart, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, did not create any new constitutional rights that apply retroactively to cases that are not on direct review, Barney does not satisfy the first prong of the two-pronged test in R.C.2953.23(A)(1), which creates an exception to the 180 day time requirement for filing a post-conviction petition. Therefore, we find that the trial court did not err in finding that Barney did not timely file his petition or demonstrate that he was entitled to file an untimely petition. Consequently, the trial court did not err when it determined that it lacked jurisdiction to consider the merits of Barney's petition and dismissed it. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court convicted and sentenced Barney in 1997. Barney appealed. The transcript for an appeal to this court was filed on December 4, 1997. We affirmed the trial court's judgment in State v. Barney (June 7, 1999), Meigs App. No. 97CA12, appeal not allowed by State v. Barney (1999),87 Ohio St.3d 1417. On June 21, 2005, Barney filed a petition for post-conviction relief, alleging, inter alia, that the Apprendi,Blakely and Booker decisions required the court to revisit its sentencing decision. On July 29, 2005, the court issued an entry dismissing Barney's petition because it "lack[ed] jurisdiction to consider [it.] The court found that he did not file the petition within the 180 day prescribed time period as required by R.C.2953.21(A)(2), and that he failed to show that any of the exceptions to the filing deadline set forth in R.C. 2953.23
applied.
 {¶ 3} Barney timely appeals, asserting the following seven assignments of error: I. "The Trial Court erred when it ruled Appellant's petition untimely." II. "The Trial Court erred when it failed to recognize the federal right established byBooker." III. "The Trial Court erred when it rules (sic) O.R.C.2953.23 only applied to capital cases." IV. "The Trial Court erred when it ignored the presences (sic) of `plain error' which need not be addressed in the trial or direct appeal." V. "The Trial Court erred by allowing the imposition of consecutive sentences based on facts not found by a jury nor admitted by the defendant violating his rights guaranteed by the Sixth Amendment." VI. "The Trial Court erred when it misapplied the principle of res judicata to Appellant's petition." VII. "The Trial Court erred when it dismissed Appellant's petition without addressing the fact that Blakely and Booker apply directly to more-than-minimum sentences for first-time offenders."
 I. {¶ 4} The crux of Barney's contention is that the trial court erred when it dismissed his petition for post-conviction relief based upon his failure to timely file it. He does not dispute that he failed to file his petition within the 180 day time period prescribed by R.C. 2953.21(A), but argues that an exception contained in R.C. 2953.23(A)(1) applies.
 {¶ 5} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 6} Thus, before a trial court may consider an untimely filed petition for post-conviction relief, the petitioner must prove: (1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right, which is retroactive to his situation; and (2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. State v. Howell (June 26, 2000), Meigs App. No. 99CA677.
 {¶ 7} This court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v.Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Thus, we will independently review the record, without deference to the trial court's decision, to determine if Barney's petition satisfies the two-pronged test in R.C. 2953.23(A)(1).
 {¶ 8} Barney contends that, under the grounds enunciated inApprendi, Blakely and Booker, his sentence is contrary to law. He maintains that these cases create a new federal or state right that applies retroactively to individuals in his situation. In Blakely, the Court held that the Sixth Amendment right to a jury trial prohibits the enhancement of a sentence based on factual findings made by the judge. Blakely at 301. However,Blakely did not create a new constitutional right because it only applied the principles that were already established inApprendi. State v. Wilson, Lawrence App. No. 05CA22, at ¶ 14,2006-Ohio-2049. In Booker, the Court held that its interpretation of sentencing guidelines applied to all cases on direct review. Booker at 268.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio found that R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment pursuant toBlakely, supra, and Apprendi, supra, to the extent that they required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster
Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent [with the Court's opinion.]" Id. at ¶ 104. Consistent with the United States Supreme Court's holding inBooker, supra, the Foster Court only applied its holding retroactively to cases that are pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 10} Thus, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Supreme Court of Ohio restricted the retroactive application of its holding to cases on direct review.
 {¶ 11} Here, the trial court sentenced Barney in 1997. He could not directly appeal any new federal right created byApprendi because it was not decided until 2000. Barney's case is now before us on appeal from the court's dismissal of his petition for post-conviction relief, not on direct appeal. As such, Barney's situation does not comport with the retroactive requirement contained within the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1) to except him from the requirement to timely file his petition for post-conviction relief. Because Barney must satisfy both prongs of R.C.2953.23(A)(1) and he failed to satisfy the first prong, i.e. R.C.2953.23(A)(1)(a), we do not need to address the second prong, i.e. R.C. 2953.23(A)(1)(b).
 {¶ 12} Therefore, for the above stated reasons, we find that the trial court lacked jurisdiction to entertain the petition, and properly dismissed it. See Wilson, supra; State v.Rawlins, Scioto App. No. 05CA3021, 2006-Ohio-1901; State v.Kelly, Lucas App. No. L-05-1237, 2006-Ohio-1399, at ¶ 12.
 {¶ 13} "`[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Wilson at ¶ 16, citing State v. McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. See, also, State v. Bryant,
Mahoning App. No. 04-MA-109, 2005-Ohio-5054, at ¶ 6; State v.Beaver (1998), 131 Ohio App.3d 458, 463. Since Barney did not timely file his petition for post-conviction relief, and further because Barney failed to show that an exception to the prohibition on untimely petitions applies, his remaining arguments are moot, and we decline to address them. App.R. 12(A)(1)(c). See, also, Beaver, supra; Wilson, supra.
 {¶ 14} Accordingly, we overrule Barney's argument that he satisfied the two-pronged test in R.C. 2953.23(A)(1), decline to address his remaining arguments, and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.