DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jamie Cottrill, appeals the Pickaway County Common Pleas Court's denial of his petition for post-conviction relief. Appellant asserts that he was sentenced unconstitutionally when his sentence was enhanced by facts found by a judge, rather than a jury, and as a result argues that he should have been granted post-conviction relief. In support of this assertion, Appellant argues that the United States Supreme Court decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, created a new federal right entitling him to relief. Appellant also asserts that the denial of his constitutional rights under the Sixth and Fourteenth Amendments constitutes plain error.
 {¶ 2} We conclude that Appellant's post-conviction motion was untimely filed. Further, because Apprendi, Blakely, Booker and more recently,State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, did not create any new constitutional rights that apply retroactively to cases that are not on direct review, Appellant does not satisfy the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1), which provides an exception to the 180 day time requirement for filing post-conviction relief petitions. Thus, we dismiss Appellant's appeal, as the trial court should have done, for lack of jurisdiction.
 {¶ 3} On June 8, 2004, a jury found Appellant guilty of 1) aggravated robbery, with a gun specification, a felony of the first degree, in violation of R.C. 2911.01; theft, a felony of the fifth degree, in violation of R.C. 2913.02; and 3) kidnapping, with a gun specification, a felony of the second degree, in violation of R.C. 2905.01. On June 11, 2004, Appellant was sentenced to nine years imprisonment for the aggravated robbery conviction, as well as three years imprisonment for the related gun specification, to be consecutively to each other. Appellant was also sentenced to two years imprisonment for the kidnapping conviction, as well as three years for the gun specification, to be served consecutively to each other, and to be served consecutively to the prison terms imposed on the aggravated robbery conviction with gun specification. Finally, Appellant was sentenced to nine months imprisonment for the theft conviction, which was to be served concurrently with his other sentences. In total, Appellant was sentenced to seventeen years imprisonment.
 {¶ 4} Appellant did not directly appeal his convictions and sentences, but instead filed the first of what would be successive motions for post-conviction relief on June 22, 2005. In his first petition, Appellant essentially argued that the procedure used by the trial court to impose non-minimum, consecutive sentences was unconstitutional under the authority of Blakely v. Washington, supra. The trial court failed to rule on Appellant's first petition for post-conviction relief. Generally, when a trial court fails to rule on a motion, an appellate court will presume that the trial court overruled that motion. State v.Rozell (June 20, 1996), Pickaway App. No. 95CA17, 1996 WL 344034;State v. Kennedy (Oct. 2, 1995), Athens App. No. 95CA1657, 580858. Since the record indicates that the trial court did not expressly rule on Appellant's petition for post-conviction relief, we presume that the trial court overruled the petition.
 {¶ 5} Appellant filed a second petition for post-conviction relief on April 10, 2006. Appellant based his second petition on State v.Foster, supra, asserting that Foster "established a new state right that applies to a person in the Petitioner's situation." The State opposed Appellant's petition and the trial court denied the petition on July 5, 2006. In its decision and entry denying Appellant's second petition, the trial court did not address Appellant's "new state right" argument, nor did it dismiss Appellant's petition based on lack of jurisdiction due to its untimely filing, rather, the trial court indicated that "[i]t appears to this Court that the decision rendered in State v. Foster is confusing to pro se defendants." The trial court then went on to explain the holding in Foster and simply denied Appellant's petition.
 {¶ 6} Appellant responded to the denial of his second petition for post-conviction relief by immediately filing a third petition for post-conviction relief on July 11, 2006, setting forth the exact same arguments raised in his second petition. The State again opposed the petition. The trial court has yet to rule on that petition; however, Appellant filed a timely notice of appeal of the denial of his second petition for post-conviction relief on July 24, 2006. In his appeal, Appellant raises the following assignments of error for our review.
 {¶ 7} "I. DEFENDANT WAS SENTENCED UNCONSTITUTIONALLY WHEN HIS SENTENCE WAS ENHANCED BY FACTS FOUND BY A JUDGE BY A PREPONDERANCE OF EVIDENCE, AND SHOULD HAVE BEEN GRANTED POSTCONVICTION RELIEF."
 {¶ 8} II. THE DENIAL OF DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS REPRESENTS `PLAIN ERROR' AND SHOULD BE RECOGNIZED BY THE COURT AS SUCH."
 {¶ 9} Appellant's first assignment of error is based on the recent Supreme Court of Ohio decision in State v. Foster, supra, which held that certain of Ohio's sentencing statutes are unconstitutional. We note that although never expressly mentioned by Appellant, the State, or the trial court, Appellant's first petition for post-conviction relief was untimely filed. In fact, that Appellant filed his first petition for post-conviction relief well beyond the 180 day time period prescribed by R.C. 2953.21(A) seems to have gone unaddressed by all parties, including the trial court.
 {¶ 10} However, Appellant implicitly acknowledges the untimely filing by hinging his second and third petitions, as well as his arguments on appeal, on the assertion that Apprendi, Blakely, Booker, and nowFoster, have created a new state right that applies retroactively to person's in Appellant's situation. Specifically, Appellant argues that an exception to the filing requirement contained in R.C. 2953.23(A)(1) applies. R.C. 2953.23(A)(1) provides that a court may not consider a delayed petition for post-conviction relief unless the petitioner satisfies a two-prong test.
 {¶ 11} Before delving into the merits of Appellant's first assignment of error, we must briefly address the issue raised in Appellant's second assignment of error. In his second assignment of error, Appellant asserts that a plain error review is in order. We disagree. This court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g. State v. Barney, Meigs App. No. 05CA11, 2006-Ohio-4676; citingState v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Thus, we will conduct an independent review of the record, without deference to the trial court's decision, to determine if Appellant's petition satisfies the two-pronged test in R.C. 2953.23.(A)(1).
 {¶ 12} R.C. 2953.23(A)(1) prohibits a court from considering a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. In order to satisfy the test, a petitioner must first show that he was either "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.23(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Provided that a petitioner meets the first prong, the petitioner must meet the second prong of the test, by showing "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. * * *." R.C. 2953.23(A)(1)(b).
 {¶ 13} Here, Appellant contends that Apprendi, Blakely,Booker and Foster created a new federal or state right that applies retroactively to individuals in his situation. Contrary to Appellant's argument, this Court has previously held that Blakely did not create a new constitutional right because it only applied principles that were already established in Apprendi. State v. Barney, supra; citingState v. Wilson, Lawrence App. No. 05CA22, at ¶ 14, 2006-Ohio-2049. Further, the Booker court's holding only applied to cases on direct review, as opposed to petitions for post-conviction relief, which are collateral attacks upon judgments of convictions. See, e.g.,Wilson, supra. Likewise, the Foster court limited the retroactivity of its holding to the cases it was directly considering and cases pending on direct review. Foster at ¶ 106.
 {¶ 14} Appellant was sentenced in 2004 and did not even directly appeal his conviction or sentence. He could have filed a direct appeal of his conviction and sentence based on Apprendi, as it was decided in 2000. Instead, Appellant filed three untimely petitions for post-conviction relief and his case is now before us on appeal from the court's denial of his second petition, not on direct appeal. As such, Appellant's situation does not satisfy the retroactivity requirement contained within the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1), which provides an exception to the requirement that a petition for post-conviction relief be timely filed. Because Appellant cannot satisfy the first prong of this test, we need not address the second prong, despite Appellant's assertion that "[b]ut for the Constitutional Error, Defendant would not have been found Guilty."
 {¶ 15} Therefore, we conclude that the trial court lacked jurisdiction to entertain the petition and should have dismissed it on jurisdictional grounds. As such, and light of our de novo review, we dismiss Appellant's appeal based on the fact that it was untimely filed and Appellant failed to show that an exception to the prohibition on untimely petitions applies. "` [O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" Wilson at ¶ 16, citing State v. McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. Thus, we overrule both of Appellant's assigned errors. The remaining issues raised by Appellant are moot and we decline to address them.
 {¶ 16} Accordingly, we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.