DECISION AND JUDGEMENT ENTRY
{¶ 1} Jeffrey Holton appeals the Lawrence County Common Pleas Court's judgment denying his "motion to vacate a void sentence". Holton contends that his sentence is void and he must be re-sentenced because (1) the trial court failed to impose a term of post-release control when it sentenced him in January 2002, and (2) the trial court's sentence to non-minimum and consecutive terms of imprisonment is unconstitutional under the principles enunciated in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. However, Holton's motion for post-conviction relief was untimely under R.C. 2953.21(A)(2). Because Holton has failed to demonstrate that the petition falls within an exception in *Page 2 
R.C. 2953.23(A) governing late petitions, the trial court had no jurisdiction to entertain the untimely petition. We overrule Holton's assignments of error and affirm the trial court's judgment.
 I. Facts {¶ 2} In a proceeding held on January 3, 2002, Holton entered an Alford plea of guilty to one count each of: involuntary manslaughter, with a firearm specification (a first-degree felony), trafficking in marijuana (a fourth-degree felony), tampering with evidence (a third-degree felony), and having weapons while under disability (a fifth-degree felony). The trial court sentenced Holton to a lengthy period of incarceration. The record reflects that the court advised Holton at the plea hearing and in its sentencing entry that he is subject to post-release control by the parole board for a period of up to five years for the first and second degree felonies and for a period of up to three years on the other felonies.
 {¶ 3} Holton did not file a direct appeal of his convictions or sentence. However, in August 2006 he filed a pro se motion requesting the trial court to vacate his sentence. Specifically, he argued that his sentence is void and that he is entitled to re-sentencing because (1) the trial court failed to impose a term of post-control release when it sentenced him and (2) the trial court's sentence imposing non-minimum and consecutive terms of imprisonment is unconstitutional under the principles enunciated in Apprendi, Blakely, and Foster.
 {¶ 4} In an August 9, 2006 judgment entry, the trial court noted that a "term of post-release control is not something that can be imposed by the sentencing court" and that the court had advised Holton at the 2002 sentencing *Page 3 
hearing that "post-release control was something that he could be subject to as set up by the parole authorities." The court found the remainder of Holton's motion meritless and denied the motion.
 II. Assignments of Error {¶ 5} Holton now appeals to this court, presenting the following assignments of error:
 FIRST ASSIGNMENT OF ERROR: When a trial court fails to impose post-release control on a first-or second degree felony offender, it fails to comply with the mandatory provisions of 2929.19(B)(3)(C) and (d), and the sentence is void and not yet final and the matter must be remanded for re-sentencing.
 SECOND ASSIGNMENT OF ERROR: The trial court violated appellants right to trial by jury by sentencing appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments.
 {¶ 6} Holton's assignments of error, which both seek vacation of his sentence, are interrelated so we will discuss them together.
 III. Post-Conviction Relief {¶ 7} Holton was convicted and sentenced in 2002. He did not file a direct appeal of his conviction and sentence, and filed his "motion to vacate a void sentence" in August 2006. Because his motion seeks vacation of his sentence on the basis of constitutional violations, the motion is a petition for post-conviction relief as defined in R.C. 2953.21. See, State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Thus, the procedural requirements of that statute apply to this case. *Page 4 
 {¶ 8} We conduct a de novo analysis when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v. Cottrill, Pickaway App. No. 06CA20,2006-Ohio-6943, at ¶ 11; State v. Gibson, Washington App. No. 05CA20,2005-Ohio-5353, appeal not allowed, 108 Ohio St.3d 1439, 2006-Ohio-421. Thus, we will independently review the record, without deference to the trial court's decision.
 {¶ 9} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" See, also,State v. Grover (1995), 71 Ohio St.3d 577; State v. Powell (1993), 90 Ohio App.3d 260.
 {¶ 10} Generally, if there is no direct appeal of the conviction or sentence, the defendant must file a petition for post-conviction relief no later than 180 days after the expiration of the time for filing an appeal. See R.C. 2953.21(A)(2).
 {¶ 11} R.C. 2953.23(A)(1) provides that a court may not entertain an untimely petition for post-conviction relief unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, *Page 5 
no reasonable fact-finder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C. 2953.23(A)(1)(b).
 {¶ 12} Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider an untimely petition for post-conviction relief. Gibson, supra, at ¶ 10; State v.Carter, Clark App. No. 03CA-11, 2003-Ohio-4838; State v. McGee, Loraine App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed,98 Ohio St.3d 1409, 2003-Ohio-60; State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922.
 {¶ 13} Holton's petition for post-conviction was clearly untimely, having been filed four years after the time expired for filing a direct appeal in this case. Because the petition was untimely, Holton had to satisfy the criteria set forth in R.C. 2953.23(A) before the trial court could consider the merits of the petition.
 {¶ 14} Holton's petition does not demonstrate that he was he was "unavoidably prevented" from discovering the "facts" upon which he relies regarding his claims. See R.C. 2953.23(A)(1)(a). The facts he alleges are either facts contained in the existing record or are facts that were available previously.
 {¶ 15} In any event, Holton first asserts that his sentence is void because the trial court did not impose a term of post-release control when it sentenced him. Contrary to Holton's contention, it is the parole board, not the sentencing trial court, that has the authority to impose a period of post-release control upon a felony offender. See, R.C. 2967.28; Woods v. Telb (2000), 89 Ohio St.3d 504, 512; State v.Sparks, Washington App. No. 03CA21, 2003-Ohio-6300, ¶ 6. It is the duty of the trial court only to notify a felony offender at sentencing or at the *Page 6 
time of a plea hearing and in its journal entry imposing sentence that the offender will be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. See, R.C. 2967.28(B); State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus; Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126. See, also, State ex rel. Cruzado v. Zaleski,111 Ohio St.3d 353, 2006-Ohio-5795. The record in this case reflects that the sentencing court provided that notice to Holton at the plea hearing and in its judgment entry imposing sentence.
 {¶ 16} Holton next asserts that the trial court's sentence, which imposes non-minimum and consecutive prison terms under R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B), is void because those statutory provisions are unconstitutional under the principles enunciated in Apprendi,Blakely, and Foster, i.e., the findings or facts used to enhance his sentence were neither admitted by him nor found by a jury.
 {¶ 17} In Foster, the Ohio Supreme Court found that R.C. 2929.14(B),2929.14(E)(4), and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment as construed byBlakely and Apprendi to the extent that they required judicial fact-finding. Foster, at paragraphs one through seven of the syllabus. We have previously held that Blakely and Foster did not create a new constitutional right because they only applied principles already established in Apprendi. See, State v. Volgares, Lawrence App. No. 05CA28, 2006-Ohio-3788, at ¶ 11, appeal not allowed,111 Ohio St.3d 1433, 2006-Ohio-5351; State v. Wilson, Lawrence App. No. 05CA22,2006-Ohio-2049, *Page 7 
at ¶ 14; State v. Cottrill, Pickaway App. No. 06CA20, 2006-Ohio-6943, at ¶ 13. Because the trial court sentenced Holton in 2002 andApprendi was decided in 2000, appellant could have filed a direct appeal of his conviction and sentence based on Apprendi. See,Cottrill, at ¶ 14.
 {¶ 18} Additionally, in United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, the United States Supreme Court restricted its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court limited application of its holdings to cases on direct review or not yet final. Id. at ¶ 106. An appeal from a denial of a petition for post-conviction relief does not constitute a direct appeal for purposes of applying Foster.State v. Gopp, Wayne App. No. 06CA0034, 2006-Ohio-5477, at ¶ 10.Blakely and Foster are thus inapplicable. State v. Pryor, Fairfield App. No. 06CA28, 2006-Ohio-6724, at ¶ 13; State v. Williams, Franklin App. No. 05AP-339, 2006-0hio-2197, at ¶ 28.
 {¶ 19} In sum, because (1) the facts upon which Holton relies are facts contained in the existing record or are facts that were available previously and (2) Holton's "petition" does not make a claim based on a new federal or state right that applies retroactively to him, he has not satisfied the criteria set forth in R.C. 2953.23(A)(1)(a) governing untimely post-conviction relief petitions. Therefore, the trial court was not statutorily authorized to entertain the untimely petition. It lacked jurisdiction to consider the merits of the petition and should have dismissed it on jurisdictional grounds. See, State v. Gopp, Wayne App. No. 06CA0034, 2006-Ohio-5477, at ¶ 10; Cottrill, supra, at ¶ 15;State v. Luther, Lorain *Page 8 
App. No. 05CA008771, 2006-Ohio-2414, at ¶ 12, appeal not allowed,111 Ohio St.3d 1414, 2006-Ohio-5083.
 {¶ 20} Accordingly, we overrule Holton's assignments of error and affirm the denial of Holton's petition for post-conviction relief.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Abele, J.: Concur in Judgment and Opinion. *Page 1