DECISION AND JUDGMENT ENTRY
{¶ 1} Jerome Smith appeals the Washington County Common Pleas Court's dismissal of his petition for post-conviction relief for lack of jurisdiction. On appeal, Smith contends that the trial court erred when it enhanced his sentence by using facts neither admitted by him nor found by a jury. Thus, he concludes that his sentence is void because he received a non-minimum sentence in violation of Apprendi v. NewJersey (2000), 530 U.S. 466, Blakely v. Washington (2004), 542 U.S. 296, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Because Smith did not file his petition within the 180-day time period as required by R.C.2953.21(A)(2), and because he failed to show that his untimely petition comports with R.C. 2953.23(A)(1), we find that the trial court properly dismissed his untimely petition for lack of jurisdiction. Accordingly, we *Page 2 
overrule both of Smith's assignments of error and affirm the trial court's judgment.
 I. {¶ 2} On October 5, 2004, Smith pled guilty to possession of drugs, a third degree felony. He received a non-minimum, three-year prison term on November 16, 2004. The court filed an amended sentencing entry on December 13, 2004 to reflect that it had also imposed a three-year driver's license suspension. Smith did not file a direct appeal.
 {¶ 3} On May 31, 2006, Smith filed a "Motion to Vacate and Modify Judgment." He asked the court to re-sentence him under theFoster holding and in accordance with Apprendi and Blakely. The court dismissed Smith's motion without a hearing because it held that it lacked jurisdiction. It cited State v. Barney, Meigs App. No. 05CA11,2006-Ohio-4676 in support.
 {¶ 4} In a pro se appeal of the trial court's judgment, Smith asserts the following two assignments of error: I. "THE TRIAL COURT COMMITTED PREJUDICIAL REVERSABLE ERROR, PURSUANT TO THE U.S. CONST. ART. VI, ANDFIFTH, SIXTH, AND FOURTEENTH AMEND. OF THE U.S. CONST." (Sic.) And, II. "THE SENTENCE IMPOSED IS VOID PURSUANT THE SIXTH AND FOURTEENTH AMEND. TO THE UNITED STATES CONSTITUTION, AND UNDER CLEARLY ESTABLISHED FEDERAL LAW. (Cites omitted.) AS THE OHIO SUPREME COURT FOUND IN FOSTER, SUPRA, CERTAIN OHIO STATUTES ARE UNCONSTITUIONAL." (Sic.)
 II. *Page 3 {¶ 5} Smith's "Motion to Vacate and Modify Judgment" sought to vacate his sentence due to alleged constitutional violations. Therefore, the trial court properly treated his motion as a petition for post-conviction relief as defined in R.C. 2953.21. State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus. Consequently, Smith had to follow the procedure outlined in that statute.
 {¶ 6} Because Smith's assignments of error are interrelated, we consider them together. The crux of Smith's appeal is that the trial court's sentence is void for constitutional reasons because the trial court enhanced his sentence by considering facts neither admitted by him nor found by a jury. He cites Apprendi, Blakely, and Foster in support of his arguments.
 {¶ 7} This Court's standard of review is de novo when the trial court neither holds an evidentiary hearing nor makes findings of fact before dismissing or denying a petition for post-conviction relief that involves sentencing issues. State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, ¶¶ 46, 50. Hence, we independently review the record without deference to the trial court's decision.
 {¶ 8} R.C. 2953.21 and R.C. 2953.23 govern a petition for post-conviction relief. A defendant convicted of a criminal offense who shows that "there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" is entitled to relief from his sentence. R.C. 2953.21.
 {¶ 9} Under R.C. 2953.21(A)(2), a defendant who does not directly appeal must file a petition for post-conviction relief no later than 180 days after the expiration of the time for filing an appeal. If a defendant's petition is untimely *Page 4 
under R.C. 2953.21(A)(2), then his untimely petition must comport with R.C. 2953.23(A)(1).
 {¶ 10} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21 (A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 11} If a defendant neither timely files his petition under R.C.2953.21(A)(2) nor shows that his untimely petition comports with R.C.2953.23(A)(1), then the trial court lacks jurisdiction to consider his petition. See, e.g., State v. Gibson, Washington App. No. 05CA20,2005-Ohio-5353, ¶ 10, appeal not allowed, 108 Ohio St.3d 1439,2006-Ohio-421.
 {¶ 12} Here, Smith had until January 12, 2005 to file a direct appeal from the December 13, 2004 sentencing entry. Smith had 180 days from January 12, 2005 to file his petition for post-conviction relief. However, he did not file it until May 31, 2006. Hence, Smith's petition was untimely under R.C. 2953.21(A)(2). *Page 5 
Consequently, Smith had to comport with R.C. 2953.23(A)(1) before the trial court could consider the merits of his petition.
 {¶ 13} Smith essentially contends that his untimely petition complies with R.C. 2953.23(A)(1)(a) because the Apprendi, Blakely, andFoster decisions created a "new federal right" that applies to his situation. He asserts that this "new federal right" prohibits a court from enhancing a sentence based on facts neither admitted by a defendant nor found by a jury. Based on this new right, he claims his non-minimum sentence is void, because the trial court used facts neither admitted by him nor found by a jury to enhance his sentence. The trial court relied on our decision in Barney, supra, to dismiss the petition for lack of jurisdiction.
 {¶ 14} In Barney, we held that the right created in Apprendi and followed in Blakely and Foster did not apply "retroactively" to cases that were not on direct review. See United States v. Booker (2005),543 U.S. 220 (holdings in Apprendi and Blakely are restricted to cases on direct review); Foster (holding limited to cases on direct review or not yet final). Therefore, a defendant who does not directly appeal a final judgment cannot use the right created in Apprendi to satisfy the "new federal or state right" exception to the 180-day period for filing a petition for post-conviction relief. See R.C. 2953.23(A)(1)(a). Accordingly, in Barney, we agreed with the trial court that it lacked jurisdiction to consider the untimely petition.
 {¶ 15} The Foster court followed Apprendi and Blakely and found some of Ohio's sentencing statutes unconstitutional. R.C. 2929.14(B), which required *Page 6 
judicial findings prior to imposition of non-minimum sentences, was one of the statutes found to violate the Sixth Amendment right to a jury trial because it required judicial fact-finding before imposition of non-minimum sentences. Foster, at paragraph one of the syllabus. We have held that Blakely and Foster did not create a new federal or state right, because they only applied principles established earlier inApprendi. See, e.g., State v. Volgares, Lawrence App. No. 05CA28,2006-Ohio-3788, at ¶ 11, appeal not allowed, 111 Ohio St.3d 1433,2006-Ohio-5351; State v. Wilson, Lawrence App. No. 05CA22,2006-Ohio-2049, at ¶ 14; State v. Cottrill, Pickaway App. No. 06CA20,2006-Ohio-6943, at ¶ 13.
 {¶ 16} Here, we agree with the trial court that it lacked jurisdiction to consider Smith's petition. Smith did not directly appeal his underlying possession of drugs sentence. Thus, any right created inApprendi, Blakely, or Foster is not retroactive to his situation because his case is on collateral review, not direct review. SeeGondor, supra, at 387-388, quoting State v. Steffen (1994),70 Ohio St.3d 399, 410 ("A post-conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment."). Because Smith failed to comply with R.C. 2953.23(A)(1)(a), we do not need to consider R.C. 2953.23(A)(1)(b).
 {¶ 17} Further, the doctrine of res judicata applies. The trial court sentenced Smith in late 2004, after Apprendi and Blakely were decided. Therefore, Smith could have filed a direct appeal of his sentence based on Apprendi and Blakely. See, e.g., Cottrill, supra, at ¶ 14. *Page 7 
 {¶ 18} Therefore, we find that Smith's untimely petition fails to comport with R.C. 2953.23(A)(1). Consequently, the trial court lacked jurisdiction to consider Smith's petition.
 {¶ 19} Accordingly, we overrule both of Smith's assignments of error and affirm the trial court's dismissal of his petition.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1