[Cite as *State v. Eldridge*, 2014-Ohio-2250.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3584 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| PETER D. ELDRIDGE, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 05/21/14** |

_____

APPEARANCES:

Peter D. Eldridge, Chillicothe, Ohio, Pro Se Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court decision denying Appellant's petition for post-conviction relief. On appeal, Appellant challenges the search leading to his initial arrest, contending that the Fourth Amendment to the United States and Ohio Constitutions prohibit police officers from making warrantless and nonconsensual entry into a suspect's home to make a felony arrest. Upon review, we conclude that Appellant's motion was untimely filed. The trial court lacked jurisdiction to address the merits of the petition and should have dismissed for lack of

jurisdiction.  In addition, Appellant's arguments were barred by the doctrine of res judicata.  For these reasons, the judgment of the Scioto County Common Pleas Court is reversed.  The trial court's judgment entry overruling Appellant's motion for resentencing is vacated.  The petition for post-conviction relief should be dismissed for lack of jurisdiction.

## FACTS

{¶ 2}  On July 20, 2011, Appellant, Peter Eldridge, pled no contest to three counts of aggravated trafficking in drugs with two of the counts alleging he committed the trafficking within the vicinity of a juvenile. Appellant stipulated there was sufficient evidence of guilt and the Scioto County Court of Common Pleas found him guilty of all three counts. Appellant filed a direct appeal of the trial court's denial of his motion to suppress, arguing 1) the affidavit submitted in support of the request for a search warrant was inadequate and failed to establish probable cause; and 2) law enforcement officers' execution of the search warrant was unreasonable because they violated the knock and announce rule contained within R.C. 2935.12(A).  This Court issued a decision on August 10, 2012, which found the affidavit was sufficient to establish probable cause and the officers did not violate R.C. 2935.12(A), which governs forcible entry in making an arrest and execution of a search warrant. *State v. Eldridge*, 4th Dist. Scioto

No. 11CA3441, 2012-Ohio-3747. Accordingly, we overruled Appellant's two assignments of error and affirmed the trial court's judgment entry denying his motion to suppress. Id.

{¶ 3} Subsequently, on September 10, 2013, Appellant filed a motion entitled "Defendant's Motion for Resentencing Pursuant to Criminal Rule 47." Appellant's motion argued that he was entitled to be re-sentenced, based upon claimed constitutional violations, namely that the search warrant was not executed in a reasonable manner, and also that officers violated the knock and announce rule in conducting a search of his residence. The trial court treated Appellant's motion as a petition for post-conviction relief and denied it as untimely filed and barred by the doctrine of res judicata. It is from the trial court's October 22, 2013, judgment entry that Appellant now brings his appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I. THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION, ARTICLE I, SECTION 14, PROHIBITS POLICE OFFICERS FROM MAKING WARRANTLESS AND NONE CONSENNAL ENTRY INTO A SUSPECT'S HOME TO MAKE A FELONY ARREST." [SIC]

## LEGAL ANALYSIS

{¶ 4} In his sole assignment of error, Appellant contends that the fourth amendment to both the Ohio and United States Constitutions

prohibited police officers from making a warrantless and nonconsensual entry in his home, which led to his arrest. The initial motion filed in the trial court wherein Appellant raised this argument was titled "Defendant's Motion for Resentencing Pursuant to Criminal Rule 47." In that motion, Appellant sought an order resentencing him, based upon his claim that his sentences were contrary to law. This argument seemed to be based upon his contention that police officers violated the knock and announce rule in conducting a search of his residence. Although Appellant's motion was not expressly titled as such, the trial court treated it as a petition for post-conviction relief and denied it as being both untimely filed and barred by the doctrine of res judicata. For the following reasons, we agree with the decision of the trial court.

{¶ 5} Appellant commenced the instant proceedings on September 10, 2013, with the filing of his motion for resentencing. Appellant's motion raised constitutional challenges to his convictions and sentences. We initially note that courts may generally "recast irregular motions into whatever category necessary to identify and to establish the criteria by which a motion should be evaluated." *State v. Sanders*, 4th Dist. Pickaway No. 12CA4, 2013-Ohio-1326, ¶ 5; citing *State v. Lett*, 7th Dist. Mahoning No. 09MA131, 2010-Ohio-3167, ¶ 15; citing *State v. Schlee*, 117 Ohio St.3d

153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. As Appellant's motion was filed post-conviction and subsequent to his initial, direct appeal and because it raised constitutional claims, we believe the trial court properly treated the motion as a petition for post-conviction relief, brought pursuant to R.C. 2953.21.

{¶ 6} "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Reviewing Appellant's motion as a petition for post-conviction relief, we find the trial court properly denied the motion as both untimely and barred by res judicata.

{¶ 7} Here, Appellant filed an initial, direct appeal of his underlying conviction. Generally, an appellant must file his petition for post-conviction relief within 180 days of the filing of the transcript in an appeal, or within 180 days of the expiration of the time for filing an appeal, if he filed no

appeal. R.C. 2953.21(A)(2). "The time limitation prescribed in R.C. 2953.21(A)(2) is jurisdictional, i.e., a trial court cannot entertain an untimely petition unless one of the exceptions set forth in R.C. [2953.23(A) ] applies." *State v. Davis*, 4th Dist. Washington No. 10CA25, 2011-Ohio-1706, ¶ 9; citing *State v. Smith*, 4th Dist. Washington No. 06CA65, 2007-Ohio-4730, ¶ 11. The transcripts in Appellant's direct appeal of this matter were filed in the court of appeals on February 15, 2012. As such, the expiration of time for filing a petition for post-conviction relief expired one hundred eighty days after that. Appellant, however, did not file his petition until September 10, 2013, which was well beyond that time limit. Thus, Appellant's petition was untimely filed, unless one of the exceptions applies.

{¶ 8} Here, R.C. 2953.23(A)(2) does not apply because DNA testing has not established Appellant's actual innocence. What remains is for Appellant to satisfy R.C. 2953.23(A)(1), which provides as follows:

"(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶ 9} Here, Appellant does not attempt to argue that he was unavoidably prevented from discovering any of the facts in support of his claim or that a new federal or state right has been recognized that

applied to him retroactively.  In fact, the arguments raised in Appellant's petition were raised in his direct appeal of this matter and were rejected by this Court.  *State v. Eldridge*, 4th Dist. Scioto No. 11CA3441, 2012-Ohio-3747, ¶ 33 (finding that the trial court did not err in refusing to suppress the evidence based upon law enforcement's alleged violation of the knock and announce rule).  As such, Appellant has not demonstrated that he satisfies the exceptions to timely filing set forth in R.C. 2953.23(A).  Thus, his petition was untimely filed.

{¶ 10}  Further, as we noted in *State v. Sanders* at ¶ 7, The Supreme Court of Ohio has held that the doctrine of res judicata applies when determining whether post-conviction relief is warranted under R.C. 2953.21.  See *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus (1996); *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus (1967).  As such, a petitioner may not raise, for purposes of post-conviction relief, any error that was raised, or could have been raised, on direct appeal. *State v. Sanders* at ¶ 7; citing *State v. Franklin*, 4th Dist. Meigs No. 05CA9, 2006-Ohio-1198, ¶ 10; *State v. Peeples*, 4th Dist. Pickaway No. 05CA25, 2006-Ohio-218, ¶ 11.   As we have already discussed, the claim raised in Appellant's petition for post-conviction relief

was also raised as part of Appellant's direct appeal of this matter, and was rejected by this Court. Appellant's attempt to raise it once again is barred by res judicata.

{¶ 11} In light of the foregoing, we reverse the judgment of the trial court. The court's judgment entry overruling Appellant's motion for resentencing is vacated. The petition for post-conviction relief should be dismissed for lack of jurisdiction.

**JUDGMENT REVERSED AND VACATED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND VACATED and Appellant recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**